UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JULIETTE MAUVAIS,

Plaintiff,

vs.

Case No.:

MORSELIFE, INC., and
KEITH MYERS, individually,

Defendants.

## COLLECTIVE ACTION COMPLAINT

1. Plaintiff, ("Plaintiff"), JULIETTE MAUVAIS, was an employee of Defendants, MORSELIFE, INC., and KEITH MYERS ("Defendants").

2. Plaintiff brings this action on behalf of self and other similarly situated employees of Defendants for overtime compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq.

3. At all times material hereto, Plaintiff performed non-exempt labor duties on behalf of the Defendants in Palm Beach County, Florida, within the jurisdiction and venue of this Court.

4. Plaintiff was hired by Defendants in approximately 2005 and worked for Defendants through approximately August 2010.

5. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not compensate Plaintiff, and those similarly situated employees, for all overtime hours worked in a work week.

6. Defendant, KEITH MYERS, owns and/or operates an enterprise in Palm Beach County, Florida, and employs persons such as Plaintiff and other similarly situated employees to

1

work on his behalf in providing labor for his practice.  This Defendant is within the personal jurisdiction and venue of this Court.

7. At all times material hereto, Defendant KEITH MYERS, managed, owned and/or operated a health care business, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business.  By virtue of such control and authority, KEITH MYERS was an employer of Plaintiff as such term is defined by the Act.  29 U.S.C. §201 et seq.

8. Defendants directly or indirectly acted in the interest of an employer towards Plaintiff and other similarly situated employees, at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

9. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

10. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b) on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

11. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff are in the possession and custody of Defendants.

12. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees are in the possession and custody of Defendants.

13. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b). The Court has supplemental jurisdiction over the Plaintiff's claims arising under state law.

14. At all times pertinent to this Complaint, Defendants owned an operation and was an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. §203(r) and 203(s). Based upon information and belief, the annual gross sales volume of the Defendants' business was in excess of $500,000.00 per annum at all times material hereto. Alternatively, the Plaintiff and those similarly situated employees worked in interstate commerce so as to fall within the protections of the Act.

15. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201–209 in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for the period of time each day they were engaged to wait on behalf of Defendants.

16. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who have worked in excess of Forty (40) hours during one or more work weeks on or after May, 2009, and did not receive time and one-half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

17. Plaintiff has retained the Jaffe Glenn Law Group, P.A. to represent her individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

18. Plaintiff realleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 17 above.

19. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

20. All similarly situated employees of Defendants are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

21. Defendants knowingly and willfully failed to pay Plaintiff and the other similarly situated to her at time and one half of their regular rate of pay for all hours worked in excess of forty (40) hours per week. The failure of Defendant to compensate Plaintiff at her given rate of pay for all hours worked is in violation of the FLSA.

22. Defendants, therefore, are liable to Plaintiff, and others similarly situated, in the amount of their unpaid hours and overtime compensation.

23. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly employees have suffered damages plus incurring costs and reasonable attorneys' fees.

24. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

WHEREFORE, Plaintiff, JULIETTE MAUVAIS, and those similarly situated to her, demand judgment, jointly and severally, against Defendants, MORSELIFE, INC., and KEITH MYERS, for the payment of compensation for all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly

compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief including prejudgment interest.

## DEMAND FOR JURY TRIAL

25. Plaintiff demands trial by jury as to all issues so triable.

Dated:  May 24, 2012

Respectfully submitted,
s/ Andrew I. Glenn_____
Andrew I. Glenn, Esq.
E-mail:  AGlenn@JaffeGlenn.com
Florida Bar No.:  577261
Jodi J. Jaffe, Esq.
E-Mail:  jjaffe@jaffeglenn.com
Florida Bar No.: 865516
Jaffe Glenn Law Group, P.A.
12000 Biscayne Boulevard
Suite 707
Telephone: (305) 726-0060
Facsimile: (305) 726-0046
Attorneys for Plaintiff